[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Defendants have brought this Motion to Strike the first and second counts of the plaintiffs' complaint. This Court ruled on the Motion to Strike count one denying same orally on short calendar, and then advised the parties to do further discovery and file briefs regarding the second count. The Court has reviewed the law regarding the second count and is able to make its decision without any further discovery or briefs.
1. As to the first count, the defendants claim that the plaintiffs failed to adequately plead a claim for fraud. The elements of fraud are well settled. Miller v. Appleby, 183 Conn. 51, 54-55 (1981). They are as follows:
1. "A false representation was made as a statement of fact". Paragraph 7 of the first count sets forth what are the false statements.
2. "That it was untrue and known to be untrue by the party making it". Paragraph 7 of the complaint states ". . . which the Defendants knew or should have known were false and misleading as set forth below. . ." This is sufficient to conclude that the claim is that the defendants knew the statements to be untrue.
3. "That it was made to induce the other party to act on it." It is clear that the statements were made to solicit the decedent to join ProHealth"; see paragraph 6 of complaint.
4. "That the latter (the decedent in this case) did so act on it to his injury." It is clear from the complaint that the decedent did join ProHealth, and paragraph 8 sets forth the injury to her. CT Page 7345
For the above reasons the plaintiffs have adequately pleaded a claim for fraud.
 ***
As for the second count claiming a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") defendants have moved to strike said count because ". . . plaintiffs failed to allege that defendants' acts occurred in the conduct of any `trade or commerce' in count two of their complaint."
Paragraph 5 of the complaint states that the defendants ". . . actively participated in the solicitation of physicians, including the decedent . . . to transfer their medical practices to ProHealth." This certainly alleges that the defendants actively participated in obtaining contracts for physicians to join ProHealth. That it was in trade or commerce can easily be inferred, and the Court is to take the complaint in a light most favorable to the plaintiffs. As to whether more than one violation of CUTPA has to be alleged, there is a split of authority among Superior Court judges. This Court has previously ruled that it can be only one act. See Charlotte Luginbuhl, et al v. Donald G. Hemond, et al, CV 96 61232 S, Superior Court Judicial District of Tolland at Rockville, February 10, 1997. This Court stands by its previous decision.
For the foregoing reasons the Motion to Strike is denied.
Rittenband, JTR.